## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DALE E. MCCORMICK,**

　　　　**Plaintiff,**

　　　　**v.**　　　　　　　　　　　　　　**Case No. 02-2135-JWL**

**CITY OF LAWRENCE, KANSAS,
et al.,**

　　　　**Defendant.**
_____

## MEMORANDUM AND ORDER

Pro se plaintiff Dale E. McCormick is a self-described civil rights activist who brings this lawsuit against various government officials alleging they violated his constitutional rights on a number of occasions.  The matter is presently before the court on Plaintiff's Objections to the 4/25/06 Order of the Magistrate Judge (doc. #295).  For the reasons explained below, the court finds plaintiff's objections to be without merit.  Accordingly, they are overruled.

Plaintiff's objections relate to an order by the magistrate judge granting defendant M.J. Willoughby's motion to compel plaintiff to respond to her discovery requests.  The magistrate judge initially entered an order on April 4, 2005, directing plaintiff to respond to those discovery requests.  Upon plaintiff's objections to that order, the undersigned issued an order, familiarity with which is presumed, finding the magistrate judge's original analysis was contrary to law with respect to Mr. McCormick's Fifth Amendment privilege claim

because the magistrate judge had relied on an incorrect legal standard. *See generally McCormick v. City of Lawrence*, Case No. 02-2135, 2005 WL 1606595, at *1-*11 (D. Kan. July 8, 2005). The court therefore remanded that privilege claim to the magistrate judge for further consideration. On remand, the parties submitted supplemental briefs to the magistrate judge. On April 25, 2006, the magistrate judge issued an order directing plaintiff to produce the requested documents because "[t]here is no possibility of plaintiff incriminating himself by producing the requested documents." (Order (doc. #278), at 5.) Plaintiff now objects to the magistrate judge's April 26, 2006, order directing him to produce the requested documents.

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069, at 355 (2d ed. 1997) (and cases cited therein), and "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* 12 Wright et al., *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Computer Econ., Inc. v. Gartner Group, Inc.*, 50

2

F. Supp. 2d 980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, the standard of review is de novo).

In order to invoke the Fifth Amendment constitutional protection against compelled self incrimination, Mr. McCormick must demonstrate that he has "reasonable cause to apprehend danger" upon giving a responsive answer that "would support a conviction" or "would furnish a link in the chain of evidence needed to prosecute" him for a crime. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). To satisfy this burden, he must factually establish that the risks of incrimination resulting from his compelled testimonial communications are "substantial and 'real' not merely trifling or imaginary." *United States v. Schmidt*, 816 F.2d 1477, 1481 (10th Cir. 1987) (quoting *Marchetti v. United States*, 390 U.S. 39, 53 (1968)). Mr. McCormick "is not exonerated from answering merely because he declares that in doing so he would incriminate himself--his say-so does not of itself establish the hazard of incrimination." *Hoffman*, 341 U.S. at 486.

In this case, Mr. McCormick plainly failed to meet his burden of presenting facts from which the magistrate judge could find that his purported fears of self incrimination are substantial and real, rather than trifling or imaginary. In Mr. McCormick's supplemental brief on remand of this matter to the magistrate judge, he presented nothing more than a hypothetical example that the possibility exists "that some material exists somewhere that plaintiff has some degree of control over that in some way incriminates or potentially

3

incriminates [him] in the commission of some crime, and that comes within the parameters of the strict literal wording of defendant's discovery requests."  Defendant Willoughby pointed out in her response to Mr. McCormick's supplemental brief that the statute of limitations had passed with respect to any criminal offense Mr. McCormick may have committed when he allegedly engaged in the unauthorized practice of law with respect to the *Coburn* lawsuit; that the Consumer Protection Division of the Office of the Attorney General closed its file on that case nearly two years ago; and that plaintiff is already in prison serving a considerable amount of time for far more serious crimes.  Based on this record, the court has no difficulty concluding that the magistrate judge's finding that Mr. McCormick failed to establish that he was entitled to avoid responding to defendant Willoughby's discovery requests on the grounds of the Fifth Amendment was not clearly erroneous or contrary to law.  *See, e.g.*, *Schmidt*, 816 F.2d at 1481-82 (holding a generalized fear of criminal prosecution for a violation of the tax laws was an insufficient basis for asserting the Fifth Amendment privilege); *see also Bruns v. Comm'r of Internal Revenue*, 98 Fed. Appx. 811, 2004 WL 1167379, at *2 (10th Cir. May 26, 2004) (unpublished table opinion) (holding a party seeking to resist discovery did not show he faced a real hazard of criminal liability to validly exercise the Fifth Amendment privilege where he argued that responding to the discovery requests "could result in [his] admitting one or more elements" of income tax evasion or other crimes).[1]

---

[1] The court is citing this unpublished Tenth Circuit opinion for its persuasive value on a material issue.

The objections Mr. McCormick now raises do not persuade the court that the magistrate judge's finding was clearly erroneous or contrary to law. Mr. McCormick contends, first, that the magistrate judge's finding was contrary to law because it placed too high of a burden on him by requiring him to prove that production of the documents would incriminate him. This argument is based on Mr. McCormick's unnecessary parsing of the semantics of the magistrate judge's order. The court disagrees that the magistrate judge's reasoning imposed a burden on Mr. McCormick that was contrary to law. Mr. McCormick contends, second, that it should have been sufficient that he asserted a reasonable belief that production of the requested documents could be used in a criminal prosecution against him or could lead to other evidence that might be so used against him. As explained above, however, Tenth Circuit precedent clearly requires more than such a blanket assertion. Mr. McCormick had the burden to factually establish that the risk of incrimination was substantial and real, not just trifling and imaginary such as by asserting a hypothetical possibility. Third, Mr. McCormick argues that defendant Willoughby's affirmative representation that the statute of limitations on the underlying criminal prosecution had run was insufficient because it did not provide him with immunity from prosecution in any jurisdiction from any other crimes. But this argument misses the critical point—it was Mr. McCormick's burden to establish that the risk of incrimination from production was substantial and real, not defendant Willoughby's burden to negate the risk of incrimination. Finally, Mr. McCormick contends that the magistrate judge's ruling was contrary to law inasmuch as he characterized plaintiff's arguments as oblique and conclusory. Again, the

5

court disagrees.  Mr. McCormick's arguments were obligue and conclusory and, as such, they were insufficient to meet his burden of establishing that he was entitled to resist production on Fifth Amendment grounds.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to the 4/25/06 Order of the Magistrate Judge (doc. #295) are overruled.

**IT IS SO ORDERED** this 8th day of August, 2006.

s/ John W. Lungstrum
_____
John W. Lungstrum
United States District Judge