IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DALE E. MCCORMICK,**

    **Plaintiff,**

    **v.**                                                               **Case No. 02-2135-JWL**

**CITY OF LAWRENCE, KANSAS,**
**et al.,**

    **Defendant.**

_____

**MEMORANDUM AND ORDER**

Pro se plaintiff Dale E. McCormick is a self-described civil rights activist who brings this lawsuit against various government officials alleging they violated his constitutional rights on a number of occasions. The matter is presently before the court on Plaintiff's Objections to the 10/25/06 Order of the Magistrate Judge (doc. #326). For the reasons explained below, plaintiff's objections are overruled in part and sustained in part as set forth below. This court is entirely sympathetic to the plight of the magistrate judge in needing to create a feasible plan for the production of the subject videotapes given the difficult predicament created by the fact that plaintiff is incarcerated and the videotapes are in his brother's possession, yet needing to create a means to filter the footage, which appears to be voluminous. Nonetheless, the court will remand this matter to the magistrate judge to devise another procedure for the production only of that videotape footage which is responsive to defendant M.J. Willoughby's original discovery request.

*Procedural History*

The origin of the parties' current dispute is a request for production served by defendant Willoughby on Mr. McCormick seeking "[a]ll videotapes taken by Mr. McCormick in the course of his 'Constitutional advocacy activities.'" *See* Request for Prod. of Docs. & Things to Pl. ¶ 5.[1]  This request for production was previously the subject of a motion to compel by defendant Willoughby.  After a lengthy history of motion practice and supplemental briefing explained in more detail in a series of orders by the magistrate judge and this court, *see* Order (doc. #255); Mem. & Order (doc. #269); Order (doc. #278); and Mem. & Order (doc. #303), the court ultimately ordered plaintiff to produce documents responsive to this discovery request.  Thus, the law of this case establishes that defendant Willoughby is entitled to the production of documents which are responsive to this original request for production—that is, videotapes taken by Mr. McCormick in the course of his constitutional advocacy activities.

At this procedural juncture, the issue is the appropriate *procedure* for the production of those videotapes.  Apparently, a dispute arose between plaintiff and counsel for defendant Willoughby, Scott Hesse, regarding the manner of production of thirty-eight camcorder tapes and forty-two VHS tapes.  These are plaintiff's tapes, but he is currently incarcerated at the Lansing Correctional Facility and the tapes are in the possession of his brother, Mark

---

[1] This appears to be the only discovery request in the record which seeks information pertinent to the current issue relating to production.  Thus, although the City Defendants filed a response to plaintiff's objections (doc. #328), the current dispute is really between plaintiff and defendant Willoughby only.

McCormick. Plaintiff states that he originally agreed to provide the requested tapes once Mr. Hesse advanced half the estimated cost of copying and delivering the tapes, but Mr. Hesse complained that the costs for copying were too high. Then, at Mr. McCormick's deposition on August 29, 2006, the parties agreed that Mr. Hesse would have a commercial messenger pick up the videotapes from Mark McCormick and deliver the tapes to a commercial reproduction service for copying, then have the messenger return the tapes to Mark McCormick. Apparently that plan fell through when Mr. Hesse instead attempted to have Mark McCormick submit the tapes directly to Mr. Hesse rather than via a commercial messenger and commercial reproduction service. Additionally, it became apparent to plaintiff that the plan was not feasible because of the impossible burden it would impose upon his brother to review the tapes for content that is responsive to the request for production. Plaintiff offered to review the tapes himself. But, because of plaintiff's incarceration, Mr. Hesse would have had to facilitate making arrangements for plaintiff to be able to view the videotapes, and Mr. Hesse refused to do so.

During a phone conference with the court on October 24, 2006, a transcript of which is unavailable, "the court overruled plaintiff's various objections to production of the tapes." Order (doc. #316), at 3. To resolve the parties' predicament concerning production of the videotapes, the magistrate judge imposed the following procedure: he ordered defendant Willoughby to serve a subpoena on Mark McCormick requiring him to produce the tapes to the clerk's office; the tapes were to be stored in the clerk's vault and viewed by defense counsel or their designees in the clerk's office; defendant Willoughby could designate

3

portions of the tapes to be copied by a video service at defendant Willoughby's expense; then the tapes were to be returned to plaintiff and/or his brother.

Plaintiff now asserts the following objections to the procedure set forth by the magistrate judge:

> the vast majority of these tapes contained no material that was responsive to [defendant Willoughby's] original discovery request, and even though ninety five or more percent of the material on such tapes had absolutely no relevancy to this litigation in any way.
> Plaintiff now contends that it was contrary to law for the magistrate to require (order) that plaintiff produce hours and hours of video footage of family reunions, personal vacations, and scads of other material that is in no way even remotely relevant to the present litigation; and that a Fed. R. Civ. P. 45 subpoena is an improper method of acquiring discovery materials that plaintiff owns; and that the subpoena which the magistrate judge caused to be issued was facially overbroad and overly burdensome even if it was a proper discovery tool in this instance.

Pl.'s Objs. to the 10/25/06 Order of the Magistrate Judge (doc. #326), at 2.

*Standard of Review*

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069, at 355 (2d ed. 1997) (and cases cited therein), and "requires that the reviewing court affirm unless it 'on

the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* 12 Wright et al., *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, the standard of review is de novo).

*Discussion & Analysis*

As a threshold matter, the court rejects plaintiff's argument that the use of a subpoena on his brother was an improper method of acquiring materials that plaintiff owns. A subpoena may "command each person to whom it is directed . . . to produce and permit inspection and copying of . . . documents or tangible things in the possession, custody or control of that person." Fed. R. Civ. P. 45(a)(1)(C). It is undisputed that the videotapes are in plaintiff's brother's possession. Consequently, they fall squarely within the category of materials that are subject to being subpoenaed.

The magistrate judge's order is, however, clearly erroneous and contrary to law insofar as it orders the production of materials which are both irrelevant to this lawsuit and not responsive to defendant Willoughby's original discovery request, which was narrowly

5

limited only to videotapes taken by Mr. McCormick in the course of his constitutional advocacy activities. Rule 26(b)(1) governs the scope of discovery. It provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. *McCormick v. City of Lawrence*, Case No. 02-2135-JWL, 2005 WL 1606595, at *5 (D. Kan. July 8, 2005). A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party. *Id.* Here, in plaintiff's objections to the magistrate judge's order which he has sworn by affidavit under penalty of perjury to be true to the best of his knowledge and recollection, he states that

> the bulk of the tapes in question contain such things as documentary programs plaintiff recorded off his television, video footage of family reunions or get-togethers which plaintiff recorded, video footage of vacations or trips plaintiff took which was recorded by plaintiff or persons with plaintiff, or video messages plaintiff recorded for persons which are in no way associated with the present case. . . . Plaintiff estimates that at least 50 of the tapes in question fall into those categories. . . . Also, plaintiff estimates that at least ten of the tapes in question are completely blank, and have nothing recorded upon them at all.

If true, these videotapes contain significant amounts of footage which has no possible bearing on the claim or defense of a party. To be sure, the underlying discovery request sought only videotapes taken by Mr. McCormick in the course of his constitutional advocacy activities. Much of the footage described by plaintiff does not pertain to his constitutional advocacy activities and, hence, it is irrelevant to this lawsuit.

6

Consequently, it appears that the procedure devised by the magistrate judge would ultimately require the production of significant amounts of videotape footage to which defendant Willoughby is not entitled. If plaintiff were not incarcerated, he would be able to edit the videotapes and/or copy them in such a way that only the relevant and discoverable videotape footage would be produced to defendant Willoughby. Because he is incarcerated, however, he is apparently unable to do so. The court is unaware of any authority which would suggest that a litigant surrenders his or her right to produce only information which is relevant and, hence, discoverable, simply because he or she is incarcerated. Defendant Willoughby is not entitled to access to all of plaintiff's irrelevant videotape footage any more than she is entitled to access to all of plaintiff's other irrelevant personal effects. Although the court appreciates the difficult predicament that plaintiff's incarceration creates in terms of editing and producing the tapes, the solution is not to allow defendant Willoughby and her counsel to have access to information to which they are not entitled. The court's concerns about plaintiff's privacy rights are particularly heightened in this case given the nature of the claims in this lawsuit, the antagonistic relationship that exists between Mr. McCormick vis-a-vis defendant Willoughby herself as well as Mr. Hesse, and the unique circumstances surrounding the parties' relative positions of power and authority. In sum, defendant Willoughby and her counsel are entitled to production of videotape footage which is responsive to the original discovery request (and, hence, relevant, as the court has already ruled), but they are not entitled to view any non-responsive videotape footage.

Thus, the court remands the matter to the magistrate judge to devise another procedure for the production only of videotape footage which is responsive to defendant Willoughby's original discovery request. The magistrate judge may order this to be accomplished by plaintiff, by an in camera inspection of the videotapes by the court, or by some combination thereof, perhaps in conjunction with the copying services of a third party. This court expresses no opinion on the exact procedure that ought to be followed, but instead holds only that the magistrate judge's order was clearly erroneous or contrary to law insofar as it essentially designated defendant Willoughby to serve as the filter for determining the relevant footage.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to the 10/25/06 Order of the Magistrate Judge (doc. #326) are overruled in part and sustained in part as set forth above. This matter is remanded to the magistrate judge to devise another procedure for the production only of videotape footage which is responsive to defendant Willoughby's original discovery request.

**IT IS SO ORDERED** this 4th day of January, 2007.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge