## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DALE E. MCCORMICK,**

       **Plaintiff,**

       **v.**                      **Case No. 02-2135-JWL**

**CITY OF LAWRENCE, KANSAS,**
**et al.,**

       **Defendant.**
_____

## MEMORANDUM AND ORDER

Pro se plaintiff Dale E. McCormick is a self-described civil rights activist who brings this lawsuit against various government officials alleging they violated his constitutional rights on a number of occasions.  The matter is presently before the court on the motion of the defendants City of Lawrence, Kansas, Gil Crouse, James White, Leo Souders, Chris Mann, Ken Farrar, Mike Byrn, Susan Hadl, and Sam Harvey (collectively, "the City defendants") for reconsideration (doc. #337) of this court's Memorandum and Order (doc. #336) overruling in part and sustaining in part Plaintiff's Objections to the 10/25/06 Order of the Magistrate Judge (doc. #326).  For the reasons explained below, the City defendants' motion for reconsideration is summarily denied.

A motion seeking reconsideration "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000).  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.*  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.  *Id.*

The City defendants ask that the court reconsider its January 5, 2007, Memorandum and Order to the extent that Memorandum and Order excluded the City defendants from the court's consideration.  Specifically, the court noted that defendant Willoughby's discovery request seeking all videotapes taken by Mr. McCormick in the course of his constitutional advocacy activities appeared to be the only discovery request in the record which sought information pertinent to the issue relating to production; therefore, although the City defendants filed a response to plaintiffs' objections, the parties' dispute concerning the appropriate procedure for the production of the videotapes was really between plaintiff and defendant Willoughby only.  *See* Mem. & Order (doc. #336), at 2 n.1.  The City defendants now contend that during plaintiff's deposition he agreed to produce certain videotape footage to the City defendants and they state that they object to the court's finding that this dispute does not involve them and any implication that they are not entitled to discovery of those items.

After a careful review of the parties' briefing relating to Plaintiff's  Objections to the 10/25/06 Order of the Magistrate Judge, the court denies the City defendants' motion for reconsideration.  Plaintiff's objections clearly involved defendant Willoughby's discovery request: plaintiff cited that discovery request as the basis for the dispute; he discussed the problems that he had encountered arranging for production to counsel for defendant

2

Willoughby, Scott Hesse; and he referred to "both" parties suggestions to the magistrate judge. Defendant Willoughby's response did not mention any stake in this dispute which the City defendants might have. And, most significantly, the response filed by the City defendants themselves (doc. #328) did not discuss any grounds upon which the City defendants would be entitled to discovery of the videotapes. Instead, the City defendants stated that they joined in defendant Willoughby's response and they made other legal arguments, none of which pertained to the City defendants' asserted stake in the dispute. In sum, there was nothing in the record relating to Plaintiff's Objections to the 10/25/06 Order of the Magistrate Judge which would have alerted the court to the City defendants' now-asserted stake in plaintiff's production of videotape footage.

The City defendants now present arguments in support of their motion for reconsideration in which they explain that in plaintiff's deposition he agreed to produce certain videotape footage to the City defendants. But, faced with the overwhelming clarity of the fact that plaintiff's objections and defendant Willoughby's response were directed solely to discovery relating to defendant Willoughby's discovery request, the court believes that it was incumbent on the City defendants to present the court with a record to establish their stake in this dispute in connection with their prior brief in response to plaintiff's objections. In presenting these arguments at this belated date after the court has already ruled on plaintiff's objections, the City defendants are merely advancing arguments that could have

been raised in prior briefing, which is not an appropriate ground for reconsideration.[1] Accordingly, the City defendants' motion for reconsideration is denied.

Notwithstanding the court's denial of the City defendants' motion for reconsideration, however, the court wishes to reiterate that its Memorandum and Order (doc. #336) related to the more narrow issue of the appropriate procedure for the production of the videotape footage which is responsive to defendant Willoughby's discovery request. The court did not consider or address the extent to which the City defendants also may be entitled to production of videotape footage if plaintiff agreed to produce it to the City defendants. Thus, the court's Memorandum and Order was not intended in any way to alter the scope of whatever rulings the magistrate judge may have made concerning whether plaintiff must ultimately produce certain videotape footage to the City defendants. Again, the court's Memorandum and Order related only to the appropriate procedure for the production of videotape footage.

**IT IS THEREFORE ORDERED BY THE COURT** that the City defendants' Motion for Reconsideration (doc. #337) is summarily denied.

---

[1] Even now, the City defendants still have not presented the court with a transcript from plaintiff's deposition in which he agreed to provide this information so that the court can see that plaintiff agreed to provide the videotapes to the City defendants specifically, as opposed to defendant Willoughby. Thus, the City defendants still have not provided a record to this court which would establish that they have a stake in this dispute.

4

**IT IS SO ORDERED** this 8th day of January, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge