# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DALE E. MCCORMICK,**

      **Plaintiff,**

      v.                                          Case No. 02-2135-JWL

**CITY OF LAWRENCE, KANSAS,**
**et al.,**

      **Defendant.**

_____

## MEMORANDUM AND ORDER

Pro se plaintiff Dale E. McCormick is a self-described civil rights activist who brings this lawsuit against various government officials alleging they violated his constitutional rights on a number of occasions. The matter is presently before the court on Plaintiff's Objections to the 1/10/07 Order of the Magistrate Judge (doc. #346) and the Special Objection of Mark McCormick, a Non-Party, to This Court Assuming Jurisdiction Over His Person (doc. #349). For the reasons explained below, the court finds that the magistrate judge's order was not clearly erroneous or contrary to law. Consequently, the objections of Messrs. McCormick and McCormick are overruled.

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. §

636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright et al., Federal Practice & Procedure § 3069, at 355 (2d ed. 1997) (and cases cited therein), and "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* 12 Wright et al., *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, the standard of review is de novo).

The history of the current discovery dispute is lengthy. Without belaboring all of the details, the court will simply presume familiarity with the background of the current issue which is explained in a series of orders by the magistrate judge and this court. *See* Order (doc. #255); Mem. & Order (doc. #269); Order (doc. #278); Mem. & Order (doc. #303); Order (doc. #316); Mem. & Order (doc. #336); Mem. & Order (doc. #339); Order (doc. #343). Relevant to the current dispute is that the magistrate judge ordered plaintiff's brother, Mark McCormick, to deliver the videotapes to his chambers for the court to conduct an in camera inspection. Plaintiff Dale McCormick now objects to this order by the magistrate judge on the following two grounds: (1) he contends that the court lacks jurisdiction over

Mark McCormick; and (2) he once again lodges a Fifth Amendment objection to production of the videotapes. Additionally, in a document ostensibly signed by Mark McCormick, Mark McCormick also objects to this court assuming jurisdiction over him.

Because this court has subject matter jurisdiction over the underlying action, the court may exercise the powers set forth in the Federal Rules of Civil Procedure to issue subpoenas as to witnesses and documents. *Cf. U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) (holding a district court has the power to issue subpoenas as to witnesses and documents, but only if it has subject matter jurisdiction over the underlying action). A non-party may be compelled to produce documents and things as set forth in Rule 45. *See* Fed. R. Civ. P. 34(c). Rule 45 permits the issuance of a subpoena for production or inspection from the district where the production or inspection is to be made, *see* Fed. R. Civ. P. 45(a)(2)(C), which, in this case, is this court. Such a subpoena may be served at any place within this district. *See* Fed. R. Civ. P. 45(b)(2). The files and records of this court reflect that Mark McCormick was served with such a subpoena in Olathe, Kansas (which is within this district) on October 26, 2006, commanding him to produce the videotapes. *See* Return of Service (doc. #318). As such, the court may exercise its subpoena power to secure his compliance with that subpoena. The magistrate judge's order of January 10, 2007, directing him to produce those videotapes at a later date and at a different location within the courthouse was a valid exercise of that subpoena power.

The McCormick brothers object to jurisdiction because, they contend, the subpoena served upon Mark McCormick was not valid. Their reasoning in this regard seems to be that

3

the court determined that the magistrate judge's earlier order was contrary to law and, therefore, according to them, "invalid." This characterization of this court's Memorandum and Order of January 4, 2007, is flatly incorrect. This court did not rule that the magistrate judge's prior order was invalid. Instead, this court ruled that the magistrate judge's prior order was clearly erroneous or contrary to law only with respect to the procedure for the production of videotape footage which was previously devised by the magistrate judge insofar as it allowed defendants to filter the videotape footage. This court did not overrule that portion of the magistrate judge's earlier order pertaining to securing production of the videotapes from Mark McCormick. Consequently, the McCormick brothers' jurisdictional objections are overruled.

Dale McCormick's Fifth Amendment objection is also overruled. The court has already considered and overruled Mr. McCormick's Fifth Amendment privilege claims with respect to the relevant videotape footage. In a new twist on his Fifth Amendment argument, he now contends that the court's prior rulings only addressed the relevant videotape footage which depicts plaintiff's constitutional advocacy activities, whereas he is now being directed to produce for in camera inspection a whole new set of material above and beyond that depicting his constitutional advocacy activities. In this respect, the magistrate judge's order dated January 10, 2007, did not change the impact of his prior order from the October 25, 2006, status conference, *see* Order (doc. #316), which directed defendant Willoughby to serve a subpoena on Mark McCormick commanding production of all eighty videotapes. In Dale McCormick's reply brief he states that he is the sole owner of these videotapes and that

4

he "maintains the ability to dictate to his brother what, if anything, is to be done to or what is to happen to the tapes." Thus, the time for him to assert his objections to production of the entire videotapes, as opposed to merely the relevant footage, elapsed months ago. *See* Fed. R. Civ. P. 72(a) (a party may object to a non-dispositive order by a magistrate judge within ten days; "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made"). In any event, this new twist on Dale McCormick's Fifth Amendment privilege claim is without merit because the subpoena itself only commands Mark McCormick to produce the relevant footage—i.e., all videotapes taken by plaintiff in the course of his constitutional advocacy activities. He was served with this subpoena more than four months ago and has had ample time to edit the videotapes to only the relevant footage. In fact, he may still produce only the relevant footage. At this late date, however, the court will no longer allow him to have additional time to edit videotapes he has already had more than four months to edit. Whether he produces only the relevant footage or whether he produces the entire videotapes for the court to conduct an in camera inspection to determine the relevant footage, he must deliver those videotapes to the chambers of United States Magistrate Judge James P. O'Hara no later than **4:00 p.m. on March 16, 2007**.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to the 1/10/07 Order of the Magistrate Judge (doc. #346) and the Special Objection of Mark McCormick, a Non-Party, to This Court Assuming Jurisdiction Over His Person (doc. #349) are overruled.

**IT IS FURTHER ORDERED THAT** no later than **4:00 p.m. on March 16, 2007**, Mark McCormick shall produce the videotapes to the chambers of United States Magistrate Judge James P. O'Hara.

**IT IS FURTHER ORDERED THAT** the clerk shall promptly serve a copy of this order on Mark McCormick, 20983 W. 116th Terrace, Olathe, Kansas.

**IT IS SO ORDERED** this 2nd day of March, 2007.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge